# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOSEPH KUBEC, )
)
Plaintiff, ) C.A. NO.: N19C-01-293 AML
)
) JURY TRIAL OF 12 DEMANDED
v. )
)
FIRST STATE ORTHOPAEDICS, )
P.A., and DAVID S. GRUBBS, )
M.D., P.A., )
)
Defendants. )

Submitted: March 13, 2019
Decided: March 25, 2019

## ORDER

### Upon Review of the Affidavit of Merit – Rejected

On March 13, 2019, Defendant David S. Grubbs, M.D., P.A. ("Grubbs Cardiology"), moved to have the Court review Plaintiff's affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c).[1] For the reasons set forth below, the affidavit does not comply with the statute as to Grubbs Cardiology.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's

---

[1] 18 *Del. C.* § 6853(d).

1

current *curriculum vitae.*[2] The expert must be licensed to practice medicine as of the affidavit's date, engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field of medicine if the defendant or defendants are Board certified.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] If the required affidavit is not filed, the suit shall be dismissed.[5]

Here, Plaintiff's affiant does not meet the statutory requirement of Board certification as to Defendant Grubbs Cardiology.[6] Because the affiant is not qualified under 18 *Del. C.* § 6853(c) as to Grubbs Cardiology, Plaintiff fails to meet the standard requiring an affidavit of merit be filed "as to" each Defendant.[7]

The Court will allow Plaintiff 60 days from this order's date in which to file an acceptable affidavit of merit as to Grubbs Cardiology. If an affidavit is filed as to Grubbs Cardiology, the court will review it. If an affidavit is not filed in time, the

---

[2] *Id.* § 6853(a)(1).
[3] *Id.* § 6853(c).
[4] *Id.*
[5] *Id.* § 6853(a).
[6] Dr. Grubbs is Board certified in cardiovascular medicine. Grubbs Cardiology's Motion also requested that Plaintiff's affiant be an expert in the field of gastroenterology. That request was a typographical error. *See* D.I. 16.
[7] 18 *Del. C.* § 6853(a)(1).

court will dismiss Defendant Grubbs Cardiology without further notice or opportunity to be heard.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Lorenza A. Wolhar, Esquire
       Bradley J. Goewert, Esquire
       John A. Elzufon, Esquire
       Timothy E. Lengkeek, Esquire

3